```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION
```

MICHAEL ASHTON,                    §
                                   §
            Plaintiff,             §
                                   § Civil Action No. 3:10-CV-0084-D
VS.                                §
                                   §
SALLIE MAE, INC.,                  §
                                   §
            Defendant.             §

MEMORANDUM OPINION
AND ORDER

In this action brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), plaintiff Michael Ashton ("Ashton") alleges that defendant Sallie Mae, Inc. ("Sallie Mae") is liable for inaccurate information in his credit report about late payments on a student loan. Sallie Mae moves to dismiss under Fed. R. Civ. P. 12(b)(6), contending for various reasons that Ashton cannot recover under FCRA.[1] For the reasons that follow, the court grants the motion, but it also allows Ashton to amend his complaint.

I

Ashton apparently has a student loan from Sallie Mae.[2] In 2009 he discovered a note in his credit report indicating that he had been late in his loan payments. Ashton disputes this and has

---

[1] Ashton has not responded to the motion.

[2] The nature of Ashton's account with Sallie Mae is not clear from the complaint, which only states that Ashton has an account with allegedly late payments.

requested several times that Sallie Mae investigate.[3] Sallie Mae refuses to alter its position on the late payments or to notify the credit reporting agencies of any potential error.

Ashton sues Sallie Mae under four sections of FCRA. He alleges that Sallie Mae has failed to maintain reasonable procedures to correct inaccurate information contained in credit reports, in violation of § 1681(e); has failed to reinvestigate the disputed information or delete the item from the credit report within 30 days, in violation of § 1681(i); has failed to correct and update the information, in violation of § 1681s-2(b); and was negligent in failing to comply with FCRA, in violation of § 1681o. Sallie Mae maintains that the first two claims must be dismissed because these sections of FCRA apply only to a "consumer reporting agency," which Sallie Mae is not. It contends that the third and fourth claims must be dismissed because Ashton failed to notify a consumer reporting agency of the alleged mistake in his credit report, and thereby failed to satisfy a prerequisite to suit under § 1681s-2(b).

II

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While "the pleadings standard Rule 8 announces does not

---

[3]The complaint does not elaborate on the number or manner of the requests for an investigation.

require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl.*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion, "[t]he 'court accepts all well-pleaded facts as true viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Bell Atl.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to

relief." *Ashcroft*, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)) (alteration omitted).

### III

The first two allegations involve violations of § 1681(e) and (i). Both provisions clearly state that they regulate the actions of a "consumer reporting agency." *See* 15 U.S.C. § 1681(e)(a);[4] 15 U.S.C. § 1681(i)(a).[5] Ashton does not plead a plausible claim that Sallie Mae is a consumer reporting agency. Under FCRA, a "consumer reporting agency" is

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). "'[W]here the bank is furnishing information based solely on its own experience with the consumer, the information is not a consumer report and the bank is not in those circumstances a consumer reporting agency.'" *Patterson v. Sierra*

---

[4] 15 U.S.C. § 1681(e)(a) states, *inter alia*: "Every *consumer reporting agency* shall maintain reasonable procedures . . . ." (emphasis added).

[5] 15 U.S.C. § 1681(i)(a) states, *inter alia*: "if the completeness or accuracy of any item or information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency* shall . . . ." (emphasis added).

*Pac. Mortgage* Co., 2008 WL 2596904, at * 6 (N.D. Tex. 2008) (Fish, J.) (alteration in original) (quoting *Freeman v. S. Nat'l Bank*, 531 F. Supp. 94, 95 (S.D. Tex. 1982)).  Ashton has not adequately pleaded facts that, viewed favorably to him, establish that Sallie Mae does anything more than furnish information to consumer reporting agencies based on its experience with a borrower; he does not adequately plead that Sallie Mae is itself in the business of compiling and furnishing consumer reports to third parties. Therefore, § 1681(e) and (i) cannot apply, and Ashton has failed to state a claim upon which relief can be granted on his first two claims.

IV

The third allegation involves § 1681s-2(b),[6] which in fact addresses the duties of "furnishers of information," a category that includes Sallie Mae.  A violation of this section requires that a consumer first notify a consumer reporting agency of the dispute, in accordance with the procedure outlined in § 1681i(a)(2).[7]  "Such notice is necessary to trigger the

---

[6]There is conflicting law on whether this section of FCRA provides a private right of action, and the Fifth Circuit has not decided this question.  Because Ashton's claim fails even if there is a private right of action, the court need not decide this unresolved issue.

[7]15 U.S.C. § 1681s-2(b)(1) provides, *inter alia*: "After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall . . . ."

furnisher's duties under Section 11681s-2(b)." *Young v. Equifax Credit Info. Serv., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002). "Although a consumer may dispute credit information directly to a furnisher . . . the consumer has no private right of action if the furnisher does not reasonably investigate the consumer's claim after direct notification." *Chiang v. Verizon New Eng. Inc.*, ___ F.3d ___, 2010 WL 431873, at *6 (1st Cir. Feb. 9, 2010). To prevail, Ashton must establish "that a *consumer reporting agency* . . . had notified [the furnisher] pursuant to 1681i(a)(2)." *Young*, 294 F.3d at 639 (emphasis in original).

Ashton does not allege in his complaint that a consumer reporting agency notified Sallie Mae pursuant to 1681i(a)(2). He has therefore failed to state a claim for relief under § 1681s-2(b) that is plausible on its face.

V

Ashton's final claim, asserted under § 1681, is based merely on a section of FCRA that provides for damages for any negligent violation of FCRA. Because Ashton has failed to plead a viable FCRA claim, he has likewise failed to plead a right to relief under § 1681.

VI

Although the court has granted Sallie Mae's motion, it must also decide whether to grant Ashton an opportunity to replead.

> [I]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quotation marks omitted) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  In this case, although Ashton's FCRA claims are not actionable at all or are of doubtful merit, the court cannot say that all of the pleading deficiencies (e.g., Ashton's third claim) are incurable.  And there is no unmistakable indication in the record that Ashton is unwilling or unable to amend in a manner that will avoid dismissal.  The court will therefore allow him to amend.

\*   \*   \*

Accordingly, the court grants Sallie Mae's January 22, 2010 motion to dismiss.  Ashton may file an amended complaint within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

March 10, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE